ISAAC ALLOWAY *v.* MARGUERITE BABINEAU et al.

Action to annul a nuncupative will by public act. It was proved that one of the three witnesses to the will was not present when it was written by the notary. *Held:* The will was null and void. Under the Spanish laws marriage could be proved by reputation.

APPEAL from the District Court, Parish of Lafayette, *Overton,* J. *Girard,* for plaintiff. *C. H. & E. Mouton,* for defendants and appellants.

*Girard,* in support of evidence of marriage, cited *Succession of Prevost,* 4 A. 348; *Beaulieu* v. *Ternoir,* 5 A. 480; *Patton* v. *Philadelphia,* 1 A. 104.

DUNBAR, J. This suit is brought to annul the will of *Frederick Mathias,* and to have the plaintiff recognized as his only heir. It was proved to the satisfaction of the District Judge that one of the three witnesses to this nuncupative will by public act, was not present at the writing of the will by the notary, and that, whilst the latter was writing the will, this witness went about the town attending to his own business. This Court has decided that a nuncupative will to be valid must be *dictated* and *written* by the notary, as dictated, in the presence of three witnesses, residing in the place, &c., and then read to the testator by the notary in the presence of the witnesses, 12 La. 114, *Langley's Heirs* v. *Langley's Ex'rs.* The will not having been written in the presence of one of the three witnesses is, therefore, null and void.

The next question in this case is the heirship of the plaintiff. We agree with the District Judge, that his heirship has been established by legal evidence. It having been established by reputation that the marriage of plaintiff's father and mother took place while Louisiana was under the government of Spain, proof of marriage by reputation was sufficient under the laws of that country. *Succession of Prevost,* 4 Ann. 347.

As to the rights of *Marguerite Babineau,* wife of the deceased, as usufructuary, we will leave them where the District Judge left them, reserving all rights that she may have in that capacity.

The judgment of the District Court is, therefore affirmed, with costs.